Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Philippe Gaudard (SBN 331744)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiffs, the Collective*
*and the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO LAMAS and SELIN DABOUB, on behalf of themselves all others similarly situated, <br><br>      *Plaintiffs*, <br><br>   v. <br><br> CENTERRA GROUP, LLC; CENTERRA INTEGRATED FLEET SERVICES, LLC; CONSTELLIS HOLDINGS, LLC; and DOES 1 through 100, inclusive, <br><br>      *Defendants*. | Case No.: 2:23-cv-2984 <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** <br><br> **(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq*.)** <br><br> **(2) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1;** <br><br> **(3) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194);** <br><br> **(4) Failure to Provide or Make Available Meal Periods (Cal. Lab. Code §§ 226.7 and 512);** <br><br> **(5) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7);** <br><br> **(6) Failure to Reimburse Business Expenditures (Cal. Lab. Code § 2802);** <br><br> **(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174);** |

---

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

1

(8) **Waiting Time Penalties (Cal. Lab. Code §§ 201-203);**

2

(9) **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).**

3

4

5

**JURY TRIAL DEMANDED**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.    Plaintiffs Ramiro Lamas and Selin Daboub (collectively "Plaintiffs") bring this Class and Collective action on behalf of themselves and other similarly situated individuals against Centerra Group, LLC ("Centerra Group"); Centerra Integrated Fleet Services, LLC ("Centerra Integrated"); and Constellis Holdings, LLC ("Constellis") (collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and California wage and hour laws.

2.    This action stems from Defendants' policies and practices of: (1) failing to pay all overtime wages owed to Plaintiffs, Class and Collective Members; (2) failing to pay minimum wage for all hours worked to Plaintiffs and Class Members; (3) failing to provide and make available meal periods to Plaintiffs and Class Members, or pay premium wages in lieu thereof; (4) failing to provide and make available rest periods to Plaintiffs and Class Members, or pay premium wages in lieu thereof; (5) failing to reimburse Plaintiffs and Class Members for necessary business expenditures; (6) failing to provide true and accurate itemized wage statements to Plaintiffs and Class Members; (7) failing to timely pay Plaintiffs and Class Members all wages due upon separation from employment; and (8) and engaging in unfair business practices.

3.    Plaintiffs seek damages, penalties, and interest to the full extent permitted by the FLSA, California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**JURISDICTION AND VENUE**

4.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 216(b) of the FLSA. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5.    The Court has personal jurisdiction over Defendants because Defendants

do business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiffs were employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Central District of the State of California.

## **PARTIES**

7.    Plaintiffs are all individuals over the age of eighteen, and at all times mentioned in this Complaint were residents of the State of California.

8.    Plaintiff Lamas was employed by Defendants as an Automotive Mechanic from approximately November 1, 2021, to April 29, 2022, in Santa Clarita, California.

9.    Plaintiff Daboub was employed by Defendants as a Lead Technician from approximately November 1, 2021, to August 1, 2022, in Lancaster, California.

10.    Plaintiff Lamas and Plaintiff Daboub consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b). Each Plaintiffs' Consent to Join is attached hereto as **Exhibit A**.

11.    Plaintiffs are informed, believe, and thereon allege that Defendant Centerra Group is a Delaware corporation headquartered in Herndon, Virginia. Defendant Centerra Group is registered to do business in California.

12.    Plaintiffs are informed, believe, and thereon allege that Defendant Centerra Integrated is a Delaware corporation headquartered in Herndon, Virginia. Defendant Centerra Integrated is registered to do business in California.

13.    Plaintiffs are informed, believe, and thereon allege that Defendant Constellis is a Delaware corporation headquartered in Herndon, Virginia. Defendant Constellis does business in California through its subsidiaries, including but not limited to Defendants Centerra Group and Centerra Integrated.

14.     Defendants do business in the State of California and employ and employed hourly, non-exempt employees, including Plaintiffs, Class and Collective Members in the State of California.

15.     Defendants exercise control over Plaintiffs, Class and Collective Members with respect to their employment.

16.     Plaintiffs and Collective Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

17.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.     Plaintiffs are informed, believe, and thereon allege that Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

19.     In addition to Plaintiffs, Defendants have employed numerous other employees who, like Plaintiffs, are hourly, non-exempt employees engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since it sells goods across state lines, conducts business deals with merchants across state lines, and processes transactions with banks in other states.

20.     Plaintiffs are informed, believe, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, and that said acts and failures to act were within the course and scope of Defendants' agency, employment and/or direction and control.

21.     At all material times, Plaintiffs and Collective Members were employees who engaged in commerce or in the production of goods for commerce on behalf of Defendants as required by 29 U.S.C. § 207.

22.     At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this District, and

1  have employed Class and Collective Members in this District. Defendants are a
2  "person" as defined in Cal. Lab. Code § 18 and "employer" as that term is used in the
3  FLSA, Cal. Lab. Code, the IWC Wage Orders regulating wages, hours, and working
4  conditions, and Cal. Bus. & Prof. Code § 17201.

5  <u>**FACTUAL ALLEGATIONS**</u>

6      23.    Defendant Centerra Group is part of the safety and security services
7  industry. Centerra Group provides companies with which it contracts across the
8  United States, including California, with services including, inter alia, fire and
9  emergency services, facilities management, de-mining, and armed and unarmed
10  security services. Defendant Centerra Group is the parent company of Defendant
11  Centerra Integrated. Defendant Centerra Group operates throughout California and
12  employs hundreds of hourly, non-exempt workers in California.

13      24.    Defendant Centerra Integrated provides automotive mechanical and
14  electrical repair and maintenance services. Defendant Centerra Integrated operates
15  throughout California and employs hundreds of hourly, non-exempt workers in
16  California.

17      25.    Defendant Constellis provides complex risk management including
18  security, K9 services, technical services, training, facilities O&M and base operations
19  support, fleet, construction, disaster and emergency services, and mine action.
20  Defendant Constellis is the largest non-financial risk management company in the
21  United States. Defendant Constellis is the parent company of Defendants Centerra
22  Group and Centerra Integrated. Defendant Constellis operates throughout California
23  and employs hundreds of hourly, non-exempt workers in California.

24      26.    Plaintiff Lamas worked for Defendants as an Automotive Mechanic in
25  Santa Clarita, California from approximately November 1, 2021, to April 29, 2022.
26  Plaintiff Lamas' primary duties included, but were not limited to, responding to
27  service reports, performing maintenance on sheriffs' cars, completing oil changes,
28  repairing brakes and replacing lights. Plaintiff Lamas was classified as an hourly, non-

exempt employee and was paid an hourly rate of approximately $26.00 per hour. Although Plaintiff Lamas' shifts varied in length, he usually worked eight or more hours per day, five days per week.

27.    Plaintiff Daboub worked for Defendants as a Lead Technician in Lancaster, California from approximately November 1, 2021, to August 1, 2022. Plaintiff Daboub's primary duties included, but were not limited to, responding to service reports, performing mechanical work, and completing repairs on vehicles. Plaintiff Daboub was classified as an hourly, non-exempt employee and was paid an hourly rate of approximately $27.50 per hour. Although Plaintiff Daboub's shifts varied in length, he usually worked 10 or more hours per day, five days per week.

28.    Defendants regularly fail to pay Plaintiffs, Class and Collective Members for all hours worked.[1] Defendants regularly require Plaintiffs, Class and Collective Members to perform work while off-the-clock and without compensation. Defendants' policies and practices cause Plaintiffs, Class and Collective Members to work after the end of their shifts, *i.e.,* after clocking out. Defendants require that Plaintiffs, Class and Collective Members continue working after clocking out at the end of their shifts in order to complete last-minute repairs on vehicles due to the urgency of the department's needs. For example, Plaintiffs, Class and Collective Members performed work on police vehicles which required immediate repairs before returning on active patrol. This time spent working while off-the-clock goes unrecorded and uncompensated even though it should be compensated at minimum wage under California law and/or overtime rates under the FLSA and California law, giving rise to minimum wage and overtime violations.

29.    In addition, at least once a month, Defendants require Plaintiffs, Class and Collective Members to attend meetings lasting at least 20 minutes for which they do not receive compensation. Plaintiffs, Class and Collective Members' supervisors

---

[1]  Although Plaintiffs are former employees, Class and Collective Members include current and former employees. For ease of discussion, the allegations herein are made in the present tense.

regularly schedule these meetings after Plaintiffs, Class and Collective Members' scheduled shifts and require that they attend these meetings after they clock out for the end of their shifts. As a matter of policy, Defendants do not record such meetings as hours worked.

30.    Moreover, Defendants instruct Plaintiffs, Class and Collective Members to clock out for off-duty meal periods but require that they continue to work which results in additional unpaid minimum wage and overtime. Plaintiffs, Class and Collective Members are required to immediately respond to repair orders on police vehicles so they can return to active patrol without delay. This time spent working through off-duty meal periods goes unrecorded and uncompensated, even though it should, again, be compensated at minimum wage and/or overtime rates under FLSA and California law, giving rise to additional minimum wage and overtime violations.

31.    Defendants frequently deny Plaintiff and Class Members meal and/or rest periods. Plaintiffs and Class Members are required to remain on-call and must respond to clients' needs while on off duty meal and/or rest periods. In addition, Defendants require that shops remain staffed at all times, even during meal periods, and therefore prohibit employees from leaving the premises during their meal periods. Defendants instruct Plaintiffs and Class Members to immediately respond to vehicle service requests when they come in. To ensure that Plaintiffs and Class Members remain immediately available at all times and avoid delays in responding to repair requests, Plaintiffs and Class Members' supervisors require that they remain in the shop and constantly available during their meal periods. Plaintiffs and Class Members are often interrupted during their meal periods and/or forced to entirely forego their meal periods in order to handle such urgent requests without delays.

32.    Regardless of whether Plaintiffs and Class Members are in fact able to take a compliant meal period or not, Defendants instruct them to timely clock out for their entire meal periods such as to record facially compliant meal periods and avoid penalty pay. By doing so, Defendants fail to accurately record missed or non-

compliant meal periods and to accurately track all hours worked by Plaintiffs and Class Members. As a result, Plaintiffs and Class Members are not provided compliant duty-free, uninterrupted, and timely 30-minute meal periods by the end of the fifth hour of work, in violation of the California Labor Code. Moreover, on days when Plaintiffs and Class Members work longer shifts lasting ten hours or more, Plaintiffs and Class Members are also not provided with a second duty-free, uninterrupted, and timely 30-minute meal period by the end of the tenth hour of work, in further violation of the California Labor Code.

33.    Despite failing to authorize and permit compliant meal periods, Defendants do not provide Plaintiffs and Class Members with requisite premium payments for each day they do not receive a first and/or second complaint meal period.

34.    Plaintiffs are informed, believe, and thereon allege that Defendants utilize and apply these same meal period policies and practices across all Defendants' facilities throughout California.

35.    Similarly, Plaintiffs and Class Members are not provided with uninterrupted and timely 10-minute rest periods during which they should be completely relieved of any work duty, by the end of the fourth hour of work, and again, by the end of the eighth hour of work. Plaintiffs and Class Members' rest periods are missed and/or interrupted because they are required to respond to vehicle service requests and/or respond to calls from their supervisors. Moreover, as with meal breaks, Defendants required that Plaintiffs and Class Members stay on the premises during their rest breaks to remain immediately available at all times to respond to repair requests and avoid delays, *i.e.*, on duty.

36.    Defendants do not provide Plaintiffs and Class Members with requisite premium payments each day they do not receive a compliant rest period.

37.    Plaintiffs are informed, believe, and thereon allege that Defendants utilize and apply these same rest period policies and practices across all Defendants' facilities

throughout California.

38.     Plaintiffs are informed, believe, and thereon allege that all non-exempt hourly employees of Defendants are subject to the same or similar unlawful compensation practices and mechanisms.

39.     Plaintiffs and Class Members are also required to pay out of pocket for necessary business expenses incurred in the performance of their work duties for Defendants. However, Defendants do not reimburse them for these expenses. For example, Plaintiffs and Class Members are constantly required to use their personal phones while at work in order to communicate the status of orders and repairs with their supervisors, coworkers and department. Plaintiffs and Class Members are also required to provide their own personal tools in order to complete their work for the benefit of Defendants.

40.     Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiffs and Class Members. In particular, Defendants fail to record the hours Plaintiffs and Class Members worked off-the-clock and non-compliant meal and/or rest periods.

41.     As a result of the aforementioned violations, Plaintiffs and Class Members are provided with untrue and inaccurate wage statements as such statements do not include payment for all hours worked, including minimum wages and overtime, and premium pay for non-complaint meal and/or rest periods. The wage statements also do not include the applicable hourly rates in effect during the pay period.

42.     Additionally, Plaintiffs and Class Members do not receive all wages owed during employment and following separation from employment, including minimum wage and overtime compensation for time spent working while off-the-clock, as well as premium payments for non-compliant meal periods and rest periods, giving rise to waiting time penalties.

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

43.    Class and Collective Members are employed by Defendants and perform work materially similar to Plaintiffs.

44.    Class and Collective Members report to facilities owned, operated, or managed by Defendants to perform their jobs.

45.    Class and Collective Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

46.    Class and Collective Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their job duties.

47.    At the end of each pay period, Class and Collective Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

48.    Defendants pay Class and Collective Members on an hourly rate basis.

49.    Defendants' method of paying Plaintiffs, Class and Collective Members is willful and not based on a good faith and reasonable belief that their conduct complies with the FLSA and/or California law.

50.    Defendants' unlawful conduct has been widespread, repeated, and consistent among Defendants' hourly, non-exempt employees.

51.    Defendants know or should know that its policies and practices are unlawful and unfair.

52.    Defendants' conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

54.    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals.

55.    The proposed collective is defined as follows:

**All current and former hourly, non-exempt employees employed by Defendants in the United States any time starting three years prior to the filing of this Complaint until resolution of this action (the "Collective").**

56.    Plaintiffs reserve the right to establish additional sub-collectives as appropriate.

57.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA.

58.    Plaintiffs are informed, believe, and thereon allege that Collective Members have been denied compensation, including overtime wages, and would therefore likely join this collective action if provided with notice of their rights to do so.

59.    Plaintiffs and the Collective Members are similarly situated, and Plaintiffs' and Collective Members' claims arise from a common nucleus of operative facts. Collective Members have substantially similar job duties and requirements. Like Plaintiffs, Defendants subjected Collective Members to Defendants' common practices, policies, or plans that require them to work for Defendants without paying them overtime wages. Defendants' failure to pay overtime wages as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

60.    This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a. Defendants maintained common scheduling systems and policies with respect to Plaintiffs and similarly situated Collective Members, controlled the scheduling systems and policies implemented for Plaintiffs and similarly situated Collective Members, and retained authority to review and revise or approve the schedules assigned to Plaintiffs and similarly situated Collective Members;

    b. Defendants maintained common timekeeping systems and policies

with respect to Plaintiffs and Collective Members;

c.  Defendants maintained common payroll systems and policies with respect to Plaintiffs and Collective Members, controlled the payroll systems and policies applied to Plaintiffs and Collective Members, and set the pay rates assigned to Plaintiffs and Collective Members;

d.  Defendants assigned to Plaintiffs and Collective Members similar job duties, including, but not limited to, responding to service reports, performing maintenance on sheriffs' cars, completing oil changes, repairing breaks, and replacing lights; and

e.  Defendants subjected Plaintiffs and Collective Members to the same violations of the FLSA, such as, *inter alia*, failure to pay overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

61.  The similarly situated Collective Members are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **RULE 23 CLASS ACTION ALLEGATIONS**

62.  Plaintiffs bring causes of action as a class action on behalf of themselves and the putative Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiffs seek to represent is defined as follows:

**All current and former hourly-paid or non-exempt employees who worked for Defendants throughout California at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

63.  Plaintiffs reserve the right to establish additional subclasses as appropriate.

64. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

    a. **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiffs are informed and believe that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

    b. **Commonality**: There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

        i. Whether Defendants fail to compensate Class Members for all hours worked, including at minimum wage and overtime compensation, in violation of the Cal. Lab. Code and IWC Wage Orders;

        ii. Whether Defendants have a policy and/or practice of requiring Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

        iii. Whether Defendants fail to authorize and permit, make available, and/or provide Class Members with compliant meal

and/or rest periods to which they are entitled in violation of the
Cal. Lab. Code and IWC Wage Orders;

    iv.   Whether Defendants fail to reimburse Class Members for
necessarily incurred business expenditures in violation of the
Cal. Lab. Code.

    v.   Whether Defendants fail to provide Class Members with
timely, accurate itemized wage statements in violation of the
Cal. Lab. Code and IWC Wage Orders;

    vi.   Whether Defendants fail to timely pay Class Members for all
wages owed upon termination of employment.

    vii.   Whether Defendants violate Cal. Bus. & Prof. Code §§ 17200,
*et seq.*, by:

        (a)   failing to compensate Class Members for all hours
worked, including at minimum wage and overtime wage
compensation;

        (b)   failing to authorize and permit, make available, and/or
provide Class Members with compliant meal and/or rest
periods to which they are entitled;

        (c)   failing to reimburse Class Members for necessarily
incurred business expenditures;

        (d)   failing to provide Class Members with timely, accurate
itemized wage statements; and

        (e)   failing to timely pay Plaintiffs and Class Members for all
wages owed upon termination of employment.

    viii.   The proper formula for calculating restitution, damages, and
penalties owed to Plaintiffs and the Class as alleged herein.

c.   **Typicality**: Plaintiffs' claims are typical of the claims of the Class.
Defendants' common course of conduct in violation of law as alleged

herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

d.    **Adequacy of Representation**: Plaintiffs are Members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

e.    **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

65.    The Class may also be certified because the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

66.    If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

67.    Requiring each individual Class Member to pursue an individual remedy

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime

### Pursuant to 29 U.S.C. §§ 201, *et seq*.

### (On Behalf of the Collective)

68.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

69.    The FLSA requires that covered employees receive overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

70.    At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

71.    Defendants are covered employers required to comply with the FLSA's mandates.

72.    Defendants violated the FLSA with respect to Plaintiffs and the Collective, by failing to pay the legally mandated overtime premium for all hours worked over 40 hours per week. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

73.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

74.    Plaintiffs and the Collective are entitled to damages equal to the

1  mandated pay, including straight time and overtime premium pay within the three

2  years preceding the filing of the complaint, plus periods of equitable tolling, because

3  Defendants have acted willfully and knew or showed reckless disregard for whether

4  the alleged conduct was prohibited by the FLSA.

5      75.    Defendants have acted neither in good faith nor with reasonable grounds

6  to believe that its actions and omissions were not a violation of the FLSA, and as a

7  result thereof, Plaintiffs and the Collective are entitled to recover an award of

8  liquidated damages in an amount equal to the amount of unpaid overtime pay and/or

9  prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

10     76.    Pay, including straight time and overtime compensation, has been

11 unlawfully withheld by Defendants from Plaintiffs and the Collective as a result of

12 Defendants' violations of the FLSA.  Accordingly, Defendants are liable for unpaid

13 wages, together with an amount equal as liquidated damages, attorneys' fees, and

14 costs of this action.

15     77.    Wherefore, Plaintiffs and the Collective request relief as hereinafter

16 provided.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages

### Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1

### (On Behalf of the Class)

21     78.    Plaintiffs reallege and incorporate the foregoing paragraphs as though

22 fully set forth herein.

23     79.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and

24 1197, and the Minimum Wage Order were in full force and effect, and required that

25 Defendants' hourly employees receive the minimum wage for all hours worked

26 irrespective of whether nominally paid on a piece rate, or any other basis, at the rate

27 of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of

28 thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen

dollars ($14.00) commencing January 1, 2021; at the rate of fifteen dollars ($15.00) per hour commencing January 2022; and at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023.

80.    Cal. Lab. Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

81.    IWC Wage Order 4-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

82.    Cal. Lab. Code § 1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

83.    Cal. Lab. Code § 1197.1 provides statutory penalties which may be recovered "in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203," which "shall be paid to the affected employee."

84.    Defendants maintain policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiffs and Class Members routinely work time while off-the-clock without compensation.

85.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiffs and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

86.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### **THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code §§ 510, 1194**

**(On Behalf of the Class)**

87.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

88.    Defendants do not properly compensate Plaintiffs and Class Members with the appropriate overtime rate, as required by California law.

89.    Cal. Lab. Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

90.    The IWC Wage Order 4-2001(3)(A)(1) states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

91.    Cal. Lab. Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

92.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

93.    Defendants regularly require Plaintiffs and Class Members to work in excess of eight hours per day and/or 40 hours per week, but Plaintiffs and Class Members do not receive overtime compensation for time spent working while off-the-clock when the hours worked are in excess of eight hours per day and 40 hours per week.

94.    Defendants' policy and practice of requiring Plaintiffs and Class Members to perform work off-the-clock is unlawful and causes Plaintiffs and Class Members to work overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

95.    As alleged above, Defendants require Plaintiff and Class Members to perform off-the-clock work, including unpaid overtime work, knowing full well that such work is being performed outside of their paid shifts. Defendants have, therefore, knowingly and willfully refused to perform their obligations to compensate Plaintiffs and Class Members for all premium wages for overtime work.

96.    As a proximate result of the aforementioned violations, Defendants have

1  damaged Plaintiffs and Class Members in amounts to be determined according to

2  proof at time of trial.

3      97.    Defendants are liable to Plaintiffs and Class Members alleged herein for

4  the unpaid overtime and penalties, with interest thereon.  Furthermore, Plaintiffs are

5  entitled to an award of attorneys' fees and costs as set forth below.

6      98.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

7                      **FOURTH CAUSE OF ACTION**

8              **Failure to Provide or Make Available Meal Periods**

9              **Pursuant to Cal. Lab. Code §§ 226.7 and 512**

10                      **(On Behalf of the Class)**

11     99.    Plaintiffs reallege and incorporate the foregoing paragraphs as though

12  fully set forth herein.

13     100.   Defendants routinely fail to provide or make available compliant meal

14  periods to Plaintiffs and Class Members.

15     101.   Cal. Lab. Code §§ 226.7 and 512 and the applicable IWC Wage Orders

16  require Defendants to provide or make available meal periods to its employees. Cal.

17  Lab. Code sections 226.7 and 512, and the IWC Wage Orders, prohibit employers

18  from employing an employee for more than five (5) hours without a meal period of

19  not less than thirty minutes, and from employing an employee more than ten (10)

20  hours per day without providing the employee with a second meal period of not less

21  than thirty minutes.

22     102.   Unless the employee is relieved of all duty during the thirty-minute meal

23  period, the employee is considered "on duty" and the meal period is counted as time

24  worked under the applicable IWC Wage Orders.

25     103.   Under Cal. Lab. Code § 226.7(b) and the applicable IWC Wage Orders,

26  an employer who fails to provide or make available a required meal period must, as

27  compensation, pay the employee one (1) hour of pay at the employee's regular rate of

28  compensation for each workday that the meal and/or rest period was not authorized

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

1  and permitted.

2  104.   Despite these requirements, Defendants knowingly and willfully refuse
3  to perform their obligations to provide or make available compliant first and/or
4  second meal periods to Plaintiffs and Class Members to which they are entitled.

5  105.   Plaintiffs and Class Members do not receive the requisite premium pay
6  for each non-complaint first and/or second meal period as required by California law.
7  Defendants fail to pay Plaintiffs and Class Members one (1) hour of pay for each day
8  a complaint off-duty first and/or second meal period was denied.

9  106.   Defendants' conduct described herein violates Cal. Lab. Code §§ 226.7
10  and 512. Therefore, pursuant to Cal. Lab. Code §§ 226.7(b) and 512, Plaintiffs and
11  Class Members are entitled to compensation for the failure to provide or make
12  available meal periods, plus interest, attorneys' fees, expenses, and costs of suit.

13  107.   As a proximate result of the aforementioned violations, Plaintiffs and
14  Class Members have been damaged in an amount according to proof at time of trial.

15  108.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

16  **FIFTH CAUSE OF ACTION**

17  **Failure to Authorize and Permit Rest Periods**

18  **Pursuant to Cal. Lab. Code § 226.7**

19  **(On Behalf of Class)**

20  109.   Plaintiffs reallege and incorporate the foregoing paragraphs as though
21  fully set forth herein.

22  110.   Defendants routinely fail to authorize and permit rest periods to Plaintiffs
23  and Class Members.

24  111.   Cal. Lab. Code § 226.7 and the applicable Wage Order also require
25  employers to authorize and permit employees to take ten (10) minutes of net rest time
26  per (4) four hours or major fraction thereof of work, and to pay employees their full
27  wages during those rest periods. Unless the employee is relieved of all duty during
28  the rest period, the rest period is considered "on duty" and does not qualify as a rest

1    period under the applicable Wage Order.

2        112.   Under Cal. Lab. Code § 226.7(b) and the applicable IWC Wage Orders,

3    an employer who fails to authorize and permit a required rest period must, as

4    compensation, pay the employee one (1) hour of pay at the employee's regular rate of

5    compensation for each workday that the rest period was not authorized and permitted.

6        113.   Despite these requirements, Defendants knowingly and willfully refuse

7    to perform its obligations to authorize and permit Plaintiffs and Class Members the

8    ability to take the compliant rest periods to which they are entitled.

9        114.   Plaintiffs and Class Members do not receive the requisite premium pay

10   for each non-complaint rest period as required by California law. Defendants fail to

11   pay Plaintiffs and Class Members one (1) hour of pay for each day a complaint off-

12   duty rest period was denied.

13       115.   Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiffs and Class

14   Members are entitled to one hour of premium pay for each failure to authorize and

15   permit rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

16       116.   As a proximate result of the aforementioned violations, Plaintiffs and

17   Class Members have been damaged in an amount according to proof at time of trial.

18       117.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

19                        **SIXTH CAUSE OF ACTION**

20               **Failure to Reimburse Business Expenses**

21                 **Pursuant to Cal. Lab. Code § 2802**

22                      **(On Behalf of the Class)**

23       118.   Plaintiffs reallege and incorporate the foregoing paragraphs as though

24   fully set forth herein.

25       119.   Cal. Lab. Code § 2802 provides:

26   An employer shall indemnify his or her employee for all necessary
     expenditures or losses incurred by the employee in direct consequence of
27   the discharge of his or her duties, or of his or her obedience to the
     directions of the employer, even though unlawful, unless the employee, at
28   the time of obeying the directions believed them to be unlawful. … For

the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

120. Defendants fail to provide Plaintiffs and Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiffs and Class Members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendants. Defendants regularly require Plaintiffs and Class Members to pay out-of-pocket expenses necessary to perform their daily work assignments. However, Defendants do not reimburse their workers for these expenditures.

121. As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

122. Defendants are liable to Plaintiffs and Class Members for the unreimbursed expenses and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

123. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Timely and Accurate Itemized Wage Statements

### Pursuant to Cal. Lab. Code §§ 226, 1174

### (On Behalf of the Class)

124. Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

125. Defendants do not provide Plaintiffs and Class Members with accurate itemized wage statements as required by California law.

126. Cal. Lab. Code § 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime

under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

127.   The IWC Wage Orders also establish this requirement. (*See* IWC Wage Order 4-2001(7).)

128.   Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

129.   Defendants do not provide timely, accurate itemized wage statements to Plaintiffs and Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiffs and Class Members, do not accurately reflect all applicable hourly rates in effect during the pay period, or actual gross wages earned and/or actual net wages earned, including minimum wages and overtime compensation. In addition, the wage statements Defendants provide do not include premium pay for missed meal periods and rest periods.

130.   Defendants also fail to maintain records of hours worked by Plaintiffs and Class Members as required under Cal. Lab. Code § 1174(d).

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

131.    Defendants are liable to Plaintiffs and the Class Members for damages and/or the amounts established under Cal. Lab. Code §226(e). Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

132.    As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

133.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## **EIGHTH CAUSE OF ACTION**

### **Waiting Time Penalties**

### **Pursuant to Cal. Lab. Code §§ 201-203**

### **(On Behalf of the Class)**

134.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

135.    Defendants do not provide Class Members with their wages when due under California law after their employment with Defendants ends.

136.    Cal. Lab. Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

137.    Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

138.    Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

139.   Plaintiffs and some of the Class Members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants while off-the-clock and during missed or interrupted meal and rest periods.

140.   Defendants willfully refuse and continue to refuse to pay Plaintiffs and Class Members all the wages that are due and owing to them for all hours worked, including minimum wage, overtime compensation, and requisite premiums for non-complaint meal and rest periods upon the end of their employment.

141.   Defendants' willful failure to pay Plaintiffs and Class Members the wages due and owing them during employment and upon separation from employment constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiffs and proposed Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

142.   In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiffs and Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

143.   Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

## NINTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (On Behalf of the Class)

144.   Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

145.   Cal. Bus. & Prof. Code §§ 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

146.   Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

business acts or practices to prosecute a civil action for violation of the UCL.

147.  Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

148.  Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.  violations of Cal. Lab. Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b.  violations of Cal. Lab. Code § 510 and IWC Wage Order 4-2001 pertaining to overtime;

c.  violations of Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order 4-2001 pertaining to meal and rest periods;

d.  violations of Cal. Lab. Code § 2802 pertaining to reimbursement of business expenditures;

e.  violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements; and

f.  violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed during employment and following separation from employment.

149.  The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

150.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*.  Among other things, the acts and practices have taken from Plaintiffs and the Class Members wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

151.   Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.   Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

152.   As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

153.   Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiffs and Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves as well as others similarly situated.  Plaintiffs and Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

154.   Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

155.   There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

penalize Plaintiffs by forcing them to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

156.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of the Class and Collective Members, pray for relief as follows:

1.    For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential Members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.    For an order designating Plaintiffs as Representatives of the Collective and their counsel as Collective Counsel;

3.    For an order equitably tolling the statute of limitations for the potential members of the Collective;

4.    For an order certifying the Second to Ninth Cause of Actions in this Complaint as a class action;

5.    For an order designating Plaintiffs as Class Representatives and their counsel as Class Counsel;

6.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, the Cal. Lab. Code, the Cal. Bus. & Prof. Code, and all other laws of the State of California;

7.    Damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiffs, Class, and Collective Members, together with interest on these amounts according to proof;

8.    For a declaratory judgment that Defendants violated the FLSA, the Cal. Lab. Code, California law, and public policy as alleged herein;

9.    For a declaratory judgment that Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* as a result of the aforementioned violations of the California Labor Code;

10.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

11.    For an order awarding Plaintiffs and putative Class Members penalties pursuant to the Cal. Lab. Code, and the laws of the State of California, with interest thereon;

12.    For an award of liquidated damages pursuant to the FLSA;

13.    For an order awarding reasonable attorneys' fees as provided by the FLSA, Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the State of California, and/or other applicable law;

14.    For all costs of suit;

15.    For interest as provided by applicable law; and

16.    For such other and further relief as this Court deems just and proper.


Dated: April 20, 2023                         Respectfully Submitted,



                                              Carolyn H. Cottrell
                                              Ori Edelstein
                                              Philippe M. Gaudard
                                              **SCHNEIDER WALLACE
                                              COTTRELL KONECKY LLP**

                                              *Attorneys for Plaintiffs, the Collective,
                                              and the Class*

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Lamas, et al. v. Centerra Group, LLC, et al.*

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Dated: April 20, 2023                    Respectfully Submitted,


Carolyn H. Cottrell
Ori Edelstein
Philippe M. Gaudard
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**

*Attorneys for Plaintiffs, the Collective, and the Class*